UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL ROSENBLEDT,

        Plaintiffs,

v.

GUILLERMO SALGADO, ROSA PEREZ et. al.,

        Defendant.
_____/

Case No. C-10-2646 JCS

**REPORT AND RECOMMENDATION RE DANIEL ROSENBLEDT'S MOTION FOR REMAND**
[Docket No. 5]

## I. INTRODUCTION

Plaintiff Daniel J. Rosenbledt has filed a motion to remand this unlawful detainer action to San Mateo County Superior Court following Defendant Rosa Perez's second removal to federal court. Plaintiff filed the action on January 5, 2010, in San Mateo County Superior Court. On March 23, 2010, Defendant[1] Perez removed the action to federal court. The District Court found that Defendant Perez's first removal was procedurally defective, and the case was remanded on May 18, 2010. On June 16, 2010, Defendant Perez removed the action again. Presently before the Court is Plaintiff's Motion for Remand to State Court ("the Motion"), in which Plaintiff seeks remand on the basis that removal is defective and the Complaint does not contain a federal question. A hearing was

---

[1] As explained previously by the District Court in its order to remand "the underlying state court complaint named only Guillermo Salgado as defendant, not Rosa Perez. Mr. Salgado appears to have been the prior owner of the property in question (to whom the plaintiff, as the new owner pursuant to a Trustee's Sale, had the unlawful detainer papers delivered), and Ms. Perez appears to have been a renter on the premises. Ms. Perez did, however, file a pre-judgment claim of right to possession in response to the unlawful detainer action, and after making other state court filings, removed the action to this court. The court is not convinced, based on the foregoing, that Ms. Perez is a true named defendant in this action. Notwithstanding this doubt, however, and in view of the following analysis, the court proceeds to adjudicate the matter presented herein." Docket No. 17 ("Order Granting Remand," May 18, 2010 at 1 n.1).

held on July 1, 2010, at which counsel for Plaintiff appeared but Defendant Perez did not appear.[2] Having considered the papers submitted and the arguments of counsel at the hearing and for the reasons stated below, it is recommended that the Motion be GRANTED.

## II.   BACKGROUND

This action began as a residential unlawful detainer action filed by Plaintiff in San Mateo County on January 5, 2010. Plaintiff alleges that he is the owner of property located in Menlo Park, San Mateo County, California. Compl. ¶ 2. Plaintiff named Defendant Salgado in his Complaint, and alleges that he is in possession of and residing at Plaintiff's property. Compl. ¶ 3. Plaintiff also named Defendants DOES 1 to 10 for those Defendants who are unknown to Plaintiff. Compl. ¶ 4. Plaintiff alleges that "each of the Defendants, including the ficticiously named Defendants is the agent, or employee of each of the remaining Defendants and in acting as hereinafter alleged was at all times acting within the course and scope of such agency and employment and claims a possessory interest in the premises." Compl. ¶ 5. Plaintiff allegedly purchased the instant premises through a trustee's sale, where the property was sold pursuant to Civil Code Section 2924 under a power of sale contained in a deed of trust executed by Defendant Salgado as trustor. Compl. ¶ 6. Plaintiff alleges that the sale has been duly perfected in Plaintiff and that the deed was recorded in San Mateo County on April 11, 2006. Complaint ¶ 6: Exh. 1. Plaintiff served Defendant Salgado with a 3 Day Notice to Quit the premises on December 30, 2009, by posting the notice on a "conspicuous place" on the premises and also by mailing Defendant Salgado a copy of the notice. Compl. ¶¶ 7, 8: Exh. 2. Defendant Salgado did not deliver possession of the property by January 4, 2010 as required by the notice, and Plaintiff alleges that Defendant Salgado remains in possession of the property without Plaintiff's consent. Compl. ¶ 9. Plaintiff alleges that the fair rental value of the property is $80.00 per day, and subsequently argues that he has been damaged in that amount for each day that he has been denied possession of the premises after January 5, 2010. Compl. ¶ 10.

Subsequently, on February 8, 2010, Defendant Perez filed a claim of right to possession. Request for Judicial Notice Exh. 3. Later, Defendant Perez's Motion to Quash Service and Demurrer were denied. *Id.* at Exhs. 4-7. Defendant Perez then removed the action to this Court. *Id.*

---

[2] Defendant Perez has not appeared, and has not consented to the jurisdiction of a Magistrate Judge. Accordingly, the Court files this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

at Exh. 8. This Court granted Plaintiff's Motion to Remand – finding that the removal failed to set forth adequate grounds for removal, and that the removal was untimely. *Id.* at Exh. 9. Nonetheless, Plaintiff removed the action again.

### III. ANALYSIS

#### A. Legal Standard

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c)

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

#### B. Application of the Law to the Facts of the Case

##### 1. The Removal Was Untimely

Plaintiff again moves to remand on the basis that Defendant Perez's removal was untimely under 28 U.S.C. § 1446, which requires that an action be removed within thirty days of service or thirty days after it becomes ascertainable that the action could be removed. As the court has previously found: "Defendant concedes in her notice of removal that she was served with the complaint on or about February 5, 2010. . . . Yet she did not file her notice of removal until March 23, 2010 – approximately 46 days after service of the complaint, and more than two weeks beyond the 30 day time limit imposed by 28 U.S.C. § 1446(b)." *See* Docket No. 17, Order Granting Motion

to Remand, J. Hamilton at 2-3. The removal was untimely; Defendant Perez has presented no new facts or arguments on this issue and the matter must again be remanded.

### 2. No Federal Court Jurisdiction

Defendant Perez based her first removal on federal question jurisdiction, arguing that she was named in the civil action filed on or about January 5, 2010 in the Superior Court of the State of California and that she is "a private citizen living in Northern California" in Menlo Park. First Notice of Removal ¶¶ 1-2. In the second removal, Defendant Perez argues that she is entitled to remove this action because she "believes and states in her answer that plaintiff is discriminating on defendant, because they will not follow a 90 federal law, for preexisting tenants in foreclosure." Second Notice of Removal ¶ 3. Defendant Perez further alleges that this action can be removed because "this is the district, which embraces the county in which plaintiff filed the State Court Action," because "this action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this court by Defendant pursuant to the provisions of 28 U.S.C. § 1446(b)," and because "[t]his Court has supplemental jurisdiction over all other claims asserted by plaintiff in accordance with 28 U.S.C. § 1367(a)." Second Notice of Removal ¶¶ 6-8. Defendant Perez also alleges that this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b). Second Notice of Removal ¶ 10.

In Plaintiff's Motion to Remand, he argues that the complaint does not involve any federal causes of action, but only alleges an action for possession and statutory damages for unlawful detention of the property under California Code of Civil Procedure § 1161(a). The Court agrees.

Where a civil action over which the federal courts have original jurisdiction is brought in state court, the defendant may remove the action to federal district court. *See* 28 U.S.C. § 1441. A case may be removed pursuant to 28 U.S.C. § 1441 only where a federal question appears on the face of the properly pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331."); *see also Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir.2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

4

question is presented on the face of the plaintiff's properly pleaded complaint."). This rule makes the plaintiff the master of its claim in that the plaintiff may avoid federal jurisdiction by exclusive reliance on state law. *Id.* Further, whether a case arises under federal law does not depend upon matters raised in the answer. *Holmes*, 535 U.S. at 830-31 (". . . whether a case arises under federal patent law 'cannot depend upon the answer.' Moreover, we have declined to adopt proposals that 'the answer as well as the complaint ... be consulted before a determination [is] made whether the case "ar[ises] under" federal law ... .'") (internal citations omitted); *Phillips Petroleum Co. v. Texaco, Inc.*, 415U.S. 125, 127-28 (1974) ("The federal questions 'must be disclosed upon the face of the complaint, unaided by the answer.' Moreover, 'the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.'"). Finally, a Defendant may not remove a case to federal court based upon federal claims to be asserted in a counterclaim. The Supreme Court has squarely rejected the argument that a counterclaim may serve as the basis for a district court's "arising under" federal jurisdiction. *See Holmes Group, Inc. v. Vornado Air-Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002).

Here, the face of the complaint, which asserts one state law claim only, does not provide any ground for removal. To the extent that Defendant Perez may raise federal law issues in her answer, the law is well-established that those issues do not provide a basis for removal. Therefore, remand is again proper because the complaint, on its face, does not arise under federal law.

### 3. Defendant's Second Removal Attempt Must be Rejected

As set forth above, this case was previously remanded by the Honorable Phyllis J. Hamilton on May 18, 2010. Following remand, subsequent removal attempts are permitted in only limited circumstances. *See* 28 U.S.C. § 1446(b). If a case was previously remanded, the defendant can attempt a subsequent removal upon receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* Courts interpret the statute's reference to "other paper" broadly. *See* Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial §§ 2:914-20 (The Rutter Group 2009).

In order to remove a previously non-removable case under § 1446(b), the defendant must present a new pleading or a new fact that establishes federal subject matter jurisdiction. *See S.W.S.*

5

*Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (noting that "section 1446(b) allows [the defendant] to file successive removals based on [a] different factual basis"); *see also Benson v. SI Holding Sys., Inc.*, 188 F.3d 780, 782-83 (7th Cir. 1999) ("[The text of § 1446(b) ] implies that an unsuccessful earlier attempt to remove is not dispositive. A premature removal may lead to a perfectly justified remand; but when matters change – for example, by dismissal of a party whose presence spoiled complete diversity of citizenship, or by a disclosure that the stakes exceed the jurisdictional amount-the case may be removed ...."); *One Sylvan Road N. Assocs. v. Lark Int'l, Ltd.*, 889 F.Supp. 60, 62 (D.Conn.1995) ("[T]he fact that a case was initially removed and remanded does not in and of itself preclude removal a second time around. A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal." (citations omitted)).

Here, Defendant Perez has failed to present a new and different ground for removal that was unavailable when the District Court remanded the case less than two months ago. Defendant Perez asserts in her second removal that "[t]his action is a civil action of which the Court has original jurisdiction under 28 U.S.C. § 1331." Second Notice of Removal ¶ 7. However, as with the First Removal, even though "the fact that venue is proper in this district," and Defendant Perez makes "conclusory invocations of original and supplemental jurisdiction pursuant to 28 U.S.C. 1331 and 1446(b), the notice nowhere mentions the existence of any federal claim in the underlying action that would give rise to federal question jurisdiction." Order Granting Motion to Remand, J. Hamilton, 2. Defendant Perez has failed to satisfy the requirements of § 1446(b), warranting removal of this case for a second time.

### 4. Sanctions

Plaintiff seeks sanctions based upon Defendant Perez's second improper removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. 1447(c). Successive, improper removals may lead to sanctions where there are no new facts or circumstances warranting removal between the first and second removal. *See e.g., Benson v. SI Handling Sys.*, Inc. 188 F.3d 780, 783 (7th Cir. 1999). A district court found that attorneys' fees and other costs against the defendant were warranted when the defendant removed the case just two weeks following the original remand "without any new,

6

justifiable or convincing evidence . . . thereby incurring unnecessary litigation for plaintiff." See e.g., *Walker v. Motricity, Inc.*, 627 F. Supp. 2d 1137, 1144 (N.D. Cal. 2009). In the present case, Defendant Perez filed an untimely notice of removal on March 23, 2010. Subsequent to the remand on May 18, 2010, Defendant Perez removed this matter less than a month later on June 16, 2010 with no further evidence to justify removal into federal court. Plaintiff seeks monetary sanctions in the form of attorney's fees and costs. It appears that Defendant Perez has again removed this action in order to delay the state court unlawful detainer action which was scheduled for trial on June 21, 2010. Because Defendant Perez is proceeding in pro per, however, the Court declines to impose sanctions at this time. The Plaintiff is cautioned that any future removal of this action (unless based upon new or changed circumstances justifying federal jurisdiction) will result in monetary sanctions.

## V. CONCLUSION

For the reasons stated above, the Court recommends that this Motion be GRANTED. The clerk is directed to reassign this case to a United States District Judge for action on this recommendation.

IT IS SO ORDERED.

Dated: July 9, 2010

JOSEPH C. SPERO
United States Magistrate Judge

7